IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MULTIMIN USA, INC., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-260-A |
| | § | |
| WALCO INTERNATIONAL, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of plaintiffs, Multimin
USA, Inc. and Warburton Technology Ltd., for leave to file a
second amended complaint against defendants, Walco International,
Inc.; Sparhawk Laboratories, Inc.; Veterinary Laboratories, Inc.;
and Sparhawk Laboratories, Inc. and Veterinary Laboratories,
Inc., as a Joint Venture, a/k/a Sparhawk Vet Labs..  Having
considered the motion, defendants' response, and the applicable
law, the court concludes that the motion should be denied for the
reasons set forth below.

I.

Background

On February 28, 2006, plaintiffs filed their original
complaint and on June 29, 2006, their first amended complaint
alleging trademark infringement, violation of the Lanham Act,
misappropriation of trade secrets, breach of contract, breach of
fiduciary duty, and conspiracy.  On April 9, 2007, plaintiffs

1

filed a motion for leave to file a second amended complaint, the
last day they were permitted to do so under the court's
scheduling order.  The amended complaint contains a new claim for
common law fraud.  In compliance with the court's order signed
April 10, 2007, defendants timely filed an expedited response.
Defendants made two basic arguments in their opposition to the
motion: (1) plaintiffs unduly delayed the filing of their
proposed amendment and defendants would be prejudiced if
plaintiffs are granted leave to file the amendment, and (2)
plaintiffs' proposed amendment is futile.

II.

Analysis

Rule 15(a) of the Federal Rules of Civil Procedure says that
"leave to amend shall be freely given when justice so requires."
See also Foman v. Davis, 371 U.S. 178, 182 (1962); Lyn-Lea Travel
Corp. v. American Airlines, Inc., 283 F.3d 282, 286 (5th Cir.
2002).  While Rule 15 imparts a "bias" in favor of granting leave
to amend, such leave is not automatic.  Price v. Pinnacle Brands,
Inc., 138 F.3d 602, 607-08 (5th Cir. 1996). "In deciding whether
to allow amendment, a district court 'may consider such factors
as undue delay, bad faith or dilatory motive on the part of the
movant, repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party, and
futility of amendment.'"  Id. at 608 (quoting In re Southmark
Corp., 88 F.3d 311, 314-15 (5th Cir. 1996)).

In their response to plaintiffs' motion, defendants first

2

argue that the proposed amendment would be unfairly prejudicial. "[T]he touchstone of the inquiry under [Rule 15(a)] is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint." Lowrey v. Texas A&M University System, 117 F.3d 242, 246 (5th Cir. 1997). An amendment that raises additional theories of recovery that fundamentally alter the nature of the case is likely to cause prejudice.[1] Here, plaintiffs allege that their added fraud claim is merely an alternative theory of recovery to those contained in their first amended complaint. Defendants contend that the additional claim "changes the complexion of th[e] case altogether, introducing new and different elements of proof, theories of recovery, and defenses." Defs.' Resp. to Pls.' Mot. Leave Amend 4. The court finds defendants' argument persuasive. Adding a fraud claim at this late date likely will require additional discovery and may cause prejudice.

Further, defendants maintain that plaintiffs did not move fast enough when they waited four months after they discovered the facts relating to the alleged fraud to file their motion for leave to amend. According to the court's scheduling order, the last day to file a motion to amend pleadings was April 9, 2007. Thus, plaintiffs' motion filed on that day was timely in that

---

[1] See Little v. Liquid Air Corp., 952 F.2d 841, 846 (5th Cir. 1992)(denying amendment as prejudicial because it would have "radically altered the nature of a trial on the merits"). However, an amendment that merely states alternative theories for recovery on the same facts as those alleged in the original complaint is not likely prejudicial. See Lowrey v. Texas A&M University System, 117 F.3d 242,246 n.2 (5th Cir. 1997).

sense.  However, in <u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 466 (2000), the Supreme Court observed that leave should not be granted if a party would not have a sufficient opportunity to respond.  Here, if the court were to grant plaintiffs' motion, defendants likely would not have a sufficient opportunity to respond under the court's current scheduling order.  The plaintiffs have not explained the four month delay in the filing of their motion.  The court finds that such conduct constitutes undue delay.

Defendants also argue that the court should deny plaintiffs' motion for leave because their proposed amendment is futile as plaintiffs' fraud claim: (1) is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, (2) is subject to dismissal under Rule 9(b) for failure to state a fraud claim with sufficient particularity, and (3) is subject to preemption, at least in part, by the Patent Act.  While the court does not conclude that the fraud claim would necessarily be dismissed, it does question whether the claim was plead with sufficient particularity.

III.

<u>Conclusion</u>

Having considered plaintiffs' undue delay in seeking leave to add their fraud claim, the prejudice that such claim would cause defendants, and the possible futility of the proposed amendment, the court concludes that plaintiffs motion for leave should be denied.

Therefore,

The court ORDERS that plaintiffs' motion for leave to file their second amended complaint be, and is hereby, denied.

SIGNED April 19, 2007.

                        /s/ John McBryde
JOHN McBRYDE
United States District Judge